## GERALD PINKARD HARSHAW v. STATE OF MARYLAND

[No. 166, September Term, 1981.]

*Decided November 5, 1981.*

The cause was argued before GILBERT, C. J., and MORTON and MOYLAN, JJ.

*Morris Lee Kaplan* for appellant.

*Richard B. Rosenblatt, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *I.*

*Matthew Campbell, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

The sole issue raised in this appeal is whether we should "accept a reconstructed transcript" of a criminal trial "in lieu of a full transcript."

Gerald Pinkard Harshaw was convicted by a jury (Mathias, J.) of child abuse and related offenses. After the trial, it was discovered that the court reporter had failed to perform her duties in a proper manner. Not only could she not prepare a transcript of the proceeding, but she indicated that if she did prepare one, it would be unreliable because of the emotional and physical condition she was in at the time of the trial.

As a result of the lack of a transcript, counsel for the State and for the defendant met with the defendant and the trial judge in an attempt to construct a transcript of the trial based upon the notes of the counsel, the defendant, and the judge. At the conclusion of that meeting, the judge placed an affidavit in the record reading as follows:

> "I hereby certify that I have carefully examined the hearing before me on February 24, 1981, for the purpose of reconstructing the record of this trial. I further certify that Mrs. Kiebler's employment as an official reporter for this court has been terminated, but although she left what appear to be stenotyped notes of the trial, she has refused repeated requests to transcribe them and five other court reporters have tried unsuccessfully to do so."

The question as put to us by the appellant must be answered with a resounding, "Maybe, it all depends on what the issue is on appeal." *Smith v. State,* 291 Md. 125, 433 A.2d 1143 (1981).

In *Smith,* Judge Cole, writing for the Court, noted that "requiring the defendant to do his part in attempting to reconstruct portions of the record which are missing through no fault of the prosecution does not offend notions of criminal due process." 291 Md. at 137.

*Smith* holds that the absence of a transcript, occasioned through no fault of the prosecution, does not translate, by that fact alone, into a new trial. The fortuitous loss of the transcript or loss of ability to transcribe verbatim the dialogue of a trial is not to be considered as an automatic right to a new trial. A defendant must cooperate in reconstructing the events of trial. It is not enough for him or her to sit by, refuse to assist, and then claim prejudice for lack of a transcript.

The case before us, however, is of a different type. Here, Harshaw and his counsel participated fully in the effort to reconstruct the transcript, and there is not the slightest hint that artificial road blocks were erected in order to impede the reconstruction.

The disability Harshaw claims to suffer is that given the reconstructed record, the appellate court lacks sufficient clairvoyance to pass upon the appeal intelligently. He asserts, and the record supports, that objections were made, but we are not informed as to the rulings on those objections. We may infer, however, that the rulings were adverse to Harshaw else he would not advance them on appeal.

Additionally, the appellant assails the trial court's allowing of the testimony over objection of an expert witness. Harshaw contends that the witness should not have been accepted as an expert. Of course, whether a witness is to be considered an expert is left to the discretion of the trial judge, *Consolidated Mechanical Contractors v. Ball,* 263 Md. 328, 283 A.2d 154 (1971); *Byrd v. State,* 16 Md. App. 391, 297 A.2d 312 (1972), and absent a clear showing of abuse of that discretion, the appellate courts will not reverse on that ground. *Raithel v. State,* 280 Md. 291, 372 A.2d 1069 (1977); *Dobson v. Mulcare,* 26 Md. App. 699, 338 A.2d 898 (1975). Nevertheless, the record before us is inadequate for us to

determine whether the trial court abused its discretion in permitting the witness to qualify as an expert.

An additional defect in the record is that it is devoid of the cross-examination of the prosecuting witness so that we are deprived completely of that portion of the testimony.

As an aside, although not raised by the appellant in his brief, but of some interest to us, is the lack, in the record, of jury instructions. We are particularly concerned with that because we observe in the record that there were three (3) notes from the jury to the court in which the jury asked for clarification. What took place as a result of those notes we do not know. We pose the following rhetorical questions to illustrate the dilemma confronting us. Was the fact that the notes were received by the judge communicated to counsel and the appellant? Was the jury brought back into the courtroom in order that their questions could be answered? Were exceptions taken? Were the notes simply ignored? Were they answered in writing? Did the court decline to answer the jury?

Despite the best efforts of the trial judge, the prosecutor, and trial counsel for the appellant, as well as the appellant, himself, the record that came to us from the circuit court falls short of passing muster under *Smith*. It is to be regretted that the court reporter was too ill to perform her duties. That illness, everyone will concede, is not the fault of the prosecution, but that provides little solace to the State or its witnesses who will have to prosecute the case again. On the other hand, the appellant's right of appeal is meaningless unless his counsel is provided with the basic tools with which to work, namely, a transcript or one that is substantially reconstructed.

The transcript in the instant case is not attacked because of an "inadvertent omission" or misplaced notes, but rather a complete failure to transcribe any of the testimony. Under the circumstances of this particular case, we are compelled to reverse and remand for a new trial. In so doing, we make clear that we do not fault the trial judge or the prosecutor,

both of whom have done all that they can reasonably be expected to do to salvage the unsalvageable.

> *Judgments reversed.*
> *Case remanded for a new trial.*
> *Costs to be paid by Montgomery County.*